UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN H. ROSKY,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>W. A. GITTIERE, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 3:23-cv-00004-ART-CSD<br><br>ORDER DENYING<br>MOTION FOR RECONSIDERATION |

**I.   DISCUSSION**

On January 27, 2023, the Court screened Plaintiff's complaint under 28 U.S.C. § 1915A. (ECF No. 3.) The Court dismissed some of Plaintiff's claims without prejudice, dismissed other claims with prejudice, and gave Plaintiff leave to file an amended complaint. (*Id.*) Plaintiff has filed a motion for reconsideration. (ECF No. 5.)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

///

1

Plaintiff argues that the Court erred in analyzing his equal protection and due process claims under the Fourteenth Amendment, as well as his claim under the Eighth Amendment. (ECF No. 5 at 3-9.) Plaintiff concedes that his state law claim was properly dismissed but wants to ensure that it was dismissed without prejudice. (*Id.* at 7.) The Court will consider Plaintiff's arguments in turn.

**A. Equal Protection Claim**

Plaintiff's claims arise out of an allegation that Plaintiff should have received a parole hearing but was instead forced to expire his sentence. (ECF No. 1-1 at 2-4.) The Court dismissed Plaintiff's equal protection claim because the complaint does not allege what any individual Defendant did, or how any individual Defendant treated Plaintiff differently than similarly situated individuals. (ECF No. 3 at 5-6.)

In his motion, Plaintiff argues that the complaint clearly states that because of the Defendants' actions, he received "different treatment from other similarly situated inmates." (ECF No. 5.) But this sort of conclusory statement is not sufficient to state a colorable claim. Rather, Plaintiff must allege specific facts showing how each individual Defendant violated his constitutional rights. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that a formulaic recitation of the elements of a cause of action is insufficient); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations.")

Plaintiff may be attempting to hold the Defendants responsible based on their roles as supervisors, but a defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983." *Id.*; *see also Ashcroft v. Iqbal,* 556

U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Thus, Plaintiff cannot simply allege that his rights were violated and that various supervisors are responsible. Rather, Plaintiff must allege specific facts supporting that each Defendant personally participated in the alleged violations.

Plaintiff also faults the Court for citing to the grievances that he attached to his complaint and taking the responses to Plaintiff's grievances as factual. (ECF No. 5 at 4.) The Court did not assume that the grievance responses were accurate and only cited to the grievances for additional background information because the Court could not understand Plaintiff's factual allegations. The Court assumed that all of Plaintiff's factual allegations in the complaint were true, to the extent that the Court could understand them.

The Court dismissed Plaintiff's equal protection claim without prejudice and with leave to amend. Nothing in Plaintiff's motion persuades the Court to reverse its prior decision regarding Plaintiff's equal protection claim. To the extent that Plaintiff believes that the Court did not fully understand his allegations or relied on inaccurate information from Plaintiff's exhibits, Plaintiff may articulate his allegations in any amended complaint.

**B. State Law Claim**

Plaintiff agrees that the Court properly dismissed his state law tort claim but states that he wants to ensure that none of his causes of action were dismissed with prejudice. The Court's order specifically states, "Plaintiff's state law tort claim is dismissed without prejudice." (ECF No. 3 at 10.) Because the Court dismissed Plaintiff's state law claim without prejudice, and Plaintiff concedes that his state law claim should have been dismissed without prejudice, there is no reason for the Court to reconsider its decision.

### C. Due Process and Eighth Amendment Claims

The Court dismissed Plaintiff's Due Process and Eighth Amendment claims because Plaintiff does not have a liberty interest in parole eligibility. (ECF No. 3 at 6-7.) Plaintiff argues that the Nevada Supreme Court established a liberty interest in parole in its decision in *Anselmo v. Bisbee*, 396 P.3d 848 (2017). (ECF No. 5 at 4.) Plaintiff argues that the cases cited by the Court in its screening order were decided prior to *Anselmo* and therefore no longer good law. (*Id.* at 6.)

Although it is true that the Court cited to older case, the Ninth Circuit has continued to hold that Nevada inmates do not have a liberty interest in parole. *See e.g., Carter v. Sandoval,* 859 F. App'x 53, 54 (9th Cir. 2021) (holding that a Nevada inmate "failed to state a due process or Eighth Amendment claim based on deprivation of parole eligibility because he possessed no constitutionally protected liberty interest in parole eligibility in Nevada.") In *Chaziza v. Stammerjohn,* an inmate argued that even if he did not have a liberty interest in parole itself, he had a liberty interest in being eligible for parole. 858 F. App'x 228, 230 (9th Cir. 2021). The Ninth Circuit disagreed holding that because Plaintiff did not have a protected liberty interest in parole itself, he did not have a "constitutionally protected liberty interest in parole eligibility in Nevada." *Id.*

The Court explained in its screening order that in *Anselmo*, the Nevada Supreme Court held only that there is a Nevada statutory right to have the Board of Parole correctly assess aggravating and mitigating factors under the parole guidelines. (ECF No. 3 at 6-7.) *Anselmo* did not establish a protectable liberty interest sufficient to invoke the Due Process Clause. (*Id.* at 7.) Plaintiff does not cite to any precedent to support his position that *Anselmo* established a liberty interest in parole for Nevada inmates, and the Ninth Circuit has continued to hold that Nevada inmates do not have a liberty interest in parole or parole eligibility. As such, nothing in the motion convinces the Court to reconsider its prior decision.

### D.   Other Claims

In his motion for reconsideration, Plaintiff appears to argue that not only was he not given a parole hearing, but various credits should also have been applied to his sentence and his sentence should have expired 103 day earlier than it did. In its screening order, the Court dismissed Plaintiff's claims regarding parole and parole eligibility with prejudice. The Court denies Plaintiff's motion for reconsideration of these claims.

However, to the extent that Plaintiff believes that he has a claim that is not based on parole eligibility, but rather based on being held past the expiration of his sentence, Plaintiff may bring that claim in any amended complaint. The Court takes no position as to the viability of any such claim at this time, and the Court notes that, as with his equal protection claim, Plaintiff must allege specific facts showing that one or more Defendants is responsible for any alleged violations.

## II.   CONCLUSION

It is therefore ordered that Plaintiff's motion for reconsideration is denied.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of the complaint, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file an amended complaint, he should use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

///
///
///
///
///

5

It is further ordered that, if Plaintiff chooses not to file an amended complaint curing the stated deficiencies of the complaint, this case will be dismissed.

DATED THIS 23rd day of May 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE